UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JACQULYN M. DIGGS, | ) |
| Plaintiff, | ) 1:13-cv-343 |
| v. | ) Judge Curtis L. Collier |
| PARAGON MANAGEMENT GROUP, INC., | ) |
| Defendant. | ) |

## **M E M O R A N D U M**

Before the Court is Defendant Paragon Management Group, Inc.'s ("Paragon") motion to dismiss (Court File No. 11). Paragon argues Plaintiff Jacqulyn Diggs's ("Diggs") complaint should be dismissed for improper venue. Additionally, Paragon seeks dismissal of Diggs's claims brought under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3619, because Diggs has failed to state a claim upon which relief can be granted. If the Court dismisses Diggs's FHA claims, Paragon also moves the Court to dismiss Diggs's remaining state claims for lack of subject matter jurisdiction. Diggs responded in opposition to this motion (Court File No. 14).

For the following reasons, the Court concludes venue is proper in this district but that Diggs has failed to adequately plead her FHA claims. According, the Court will **GRANT** Paragon's motion to dismiss Diggs's FHA claims (Court File No. 11). The Court declines to exercise supplemental jurisdiction over Diggs's state claims and will **DISMISS WITHOUT PREJUDICE** those remaining claims.

### I. FACTUAL BACKGROUND

According to Diggs's complaint, she purchased a home in Davidson County, Tennessee, which was subject to various covenants and restrictions (Court File No. 1, Complaint, ¶ 10).

Paragon, a corporation residing in Davidson County, enforces these covenants and restrictions (*id.* at ¶¶ 10, 11). As a part of this enforcement effort, Paragon fines homeowners for violations and collects homeowner association dues (*id.*) Diggs alleges that she complied with all such restrictions but that Paragon charged her for a number of violations including "issues" involving her air conditioner, mailbox, children, and animals (*id.* at ¶¶ 13, 14). All of these violations, Diggs contends, were false (although Diggs also alleges she had hired a "handyman" to rectify one of the violations) (*id.* at ¶¶ 15, 18). Additionally, Paragon initiated collection actions for past-due fines related to these violations as well as outstanding homeowner association dues that Diggs claims were not, in fact, past-due (*id.* at ¶¶ 16, 17), and Paragon has made "derogatory reports" to credit reporting bureaus (*id.* at ¶ 20). Throughout this dispute, Diggs resided in Hamilton County, Tennessee from which she corresponded with Paragon (*id.* at ¶ 11).

On October 2, 2013, Diggs filed the instant action in this court. Diggs claims that Paragon's conduct constituted racial discrimination in violation of the FHA, 42 U.S.C. § 3604(b). Additionally, she claims Paragon's conduct constitutes interference, coercion, or intimidation of her enjoyment of a right secured by the FHA in violation of 42 U.S.C. § 3617. Diggs also brings state claims including discrimination in housing, Tenn. Code Ann. § 4-21-601(a)(2), and malicious harassment, Tenn. Code Ann. § 4-21-701.

## II. VENUE

### A. Standard of Review

Paragon moves to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). "On a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper. The Court may examine facts outside the complaint but must draw all reasonable

2

inferences and resolve factual conflicts in favor of the plaintiff." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002) (citations omitted); *see also Marion v. Conley*, 306-CV-268, 2006 WL 4608613, at *1 (E.D. Tenn. Oct. 4, 2006). "If a defendant prevails on a Rule 12(b)(3) challenge, the Court has the discretion to decide whether the action should be dismissed or transferred to an appropriate court [pursuant to 28 U.S.C. § 1406]." *Audi AG*, 204 F. Supp. 2d at 1017.

**B. Discussion**

Paragon argues the Eastern District of Tennessee is not a proper venue for this action, and the suit should be dismissed pursuant to Rule 12(b)(3). Venue is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). Because the defendant in this case is a corporation, the venue question becomes more complicated. A defendant that is an entity is "deemed to reside" in any district where the defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2).[1]

Paragon argues that the Middle District of Tennessee is the proper venue for this action because the property in question is in the Middle District and Paragon resides in the Middle District.

---

[1] Additionally, if (1) the defendant is a corporation, (2) personal jurisdiction in the forum state is proper, and (3) the court sits in a state with more than one judicial district, the corporation is "deemed to reside" in a district "within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

3

Diggs, on the other hand, argues venue is proper under § 1391(b)(1) because Paragon is a corporation subject to personal jurisdiction in Tennessee and thus "resides" in this district. Additionally, Diggs argues venue in this district is proper under § 1391(b)(2) because a substantial part of the events or omissions underlying the claim occurred here.

In this action, venue is proper under § 1391(b)(2). Diggs points to correspondence with Paragon sent to and from her home in this district. A communication from a person outside a district directed to one inside a district may be considered to have occurred in the receiving district and, under the right circumstances, may constitute a "substantial part of the events or omissions giving rise to the claim." *See, e.g., Glover v. Mary Jane M. Elliott, P.C.*, No. 1:07-CV-648, 2007 WL 2904050 (W.D. Mich. Oct. 2, 2007) (finding venue proper because plaintiff "allege[d] that defendant sent the offending letter to his residence in [the district]"); *Hoffman v. Bailey*, – F. Supp. 2d. –, No. 13-5153, 2014 WL 295139 (E.D. La. Jan. 27, 2014) (holding that, "as the email giving rise to this claim was allegedly sent to Louisiana, the Court finds that this communication effectively took place in Louisiana," which established proper venue there). In this case, Diggs alleges she was harassed by Paragon because of her race, in part through the correspondence sent to her home. This is not a case where a defendant's communication into a district was incidental to the claim. *See, e.g., Loeb v. Bank of Am.*, 254 F. Supp. 2d 581, 587 (E.D. Pa. 2003) (holding there was no venue because "incidental events, such as the correspondence and calls . . . that have only some tangential connection with the dispute in litigation are not enough"). Because a substantial part of the events underlying the claim occurred in the Eastern District of Tennessee, the Court concludes that venue is proper.

Paragon also moves the Court to transfer venue for the convenience of the parties. The

4

standard for a change of venue is found in 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." '[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Paragon provides no argument on this point. Because Paragon provides no reason why transfer would be more convenient for the parties or witnesses, the Court declines to transfer this action.

## III. MOTION TO DISMISS

### A. Standard of Review

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain

5

a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**B. Discussion**

Diggs brings two FHA claims: discrimination and interference. It is unlawful under the FHA to "make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin" or to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. §§ 3604(a), (b). Moreover, with respect to Diggs's interference claim, the FHA also makes it unlawful

---

[2] In her response to Paragon's motion to dismiss, Diggs states that Paragon has not identified any error in her complaint "as a basis for dismissal under Twombly" (Court File No. 14, p. 1 n.1). She therefore focuses "exclusively on the sufficiency of the claims as set forth in her Complaint" (*id.*). However, *Twombly* and *Iqbal* articulate the standard that a court must apply on a Rule 12(b)(6) motion. Accordingly, because Paragon moves to dismiss Diggs's claims under Rule 12(b)(6), the Court applies the relevant standard, which incorporates the principles articulated in *Twombly* and *Iqbal*.

6

"to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section . . . 3604." 42 U.S.C. § 3617.

In the FHA context, the Sixth Circuit has recognized that "broad and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012). Although the "'short and plain' language of Federal Rule of Civil Procedure 8" has "continuing viability," *id.*, "the Supreme Court established a 'plausibility' standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions, and that standard applies to causation in discrimination claims," *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (citing *HDC*, 675 F.3d at 612-13). *See also Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013) ("Unlike the technical pleading requirements of the past, the Supreme Court established a 'plausibility' standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions, and that standard applies to causation in discrimination claims.") (citing *HDC*, 675 F.3d at 612). Where a complaint "put[s] forth only conclusory allegations of discriminatory intent[,] . . . [it] does not sufficiently show entitlement to relief." *HDC*, 675 F.3d at 613 (citing *Iqbal*, 556 U.S. at 680-81); *see also Kitchen v. Phipps Houses Grp. of Cos.*, 380 F. App'x 99, 101 n.2 (2d Cir. 2010) (holding that, under the FHA, the plaintiff "must plead some facts that plausibly link his housing maintenance concerns or dissatisfaction with landlord-tenant proceedings to race or disability bias"). Moreover, to prove a § 3617 interference claim, a plaintiff must plead "factual allegations

7

supporting a claim of discriminatory animus," rather than "vague and conclusory allegations" or "legal conclusions masquerading as factual allegations." *HDC*, 675 F.3d at 613-14 (citation omitted).

Put simply, Diggs must allege some fact or set of facts that connects the alleged harassment to her race.[3] The sum total of Diggs's allegations that relate to race are as follows: she is African-American (Court File No. 1, ¶ 6) and the "acts and omissions constitute discrimination against [her] based upon her race" (*id.* at ¶ 21). Diggs similarly alleges the "acts and omissions" are "tantamount to the defendant's discriminatory attempt to coerce, intimidate, or interfere with plaintiff's enjoyment of the subject property" (*id.* at ¶ 22). Moreover, in pleading her state law claims, Diggs reiterates that Paragon's alleged acts and omissions constitute racial discrimination and discriminatory harassment (*id.* at ¶¶ 23, 24).

Other than pleading the fact of her race and a handful of bald legal conclusions, Diggs alleges no facts "that plausibly give rise to the inference that a defendant acted as the plaintiff claims." *HDC*, 675 F.3d at 614; *see also Sam Han*, 541 F. App'x at 626-27 (holding, in the context of a 42 U.S.C. § 1981 employment-discrimination claim, no discriminatory inference arises solely as a result of a plaintiff's race because "factual allegations must do more than create speculation or suspicion; they must show entitlement to relief"); *Cannon v. Home Source Detroit*, No. 13–11577,

---

[3] In addition to arguing that Diggs fails to state a claim, Paragon specifically argues Diggs's allegations do not relate to selling or leasing as required by the FHA. This issue is far more complex than Paragon's bare-bones motion would suggest. *See Wells v. Rhodes*, 928 F. Supp. 2d 920, 932 n.15 (S.D. Ohio 2013) (discussing the circuit split that has developed regarding whether the FHA applies to post-acquisition conduct); *Cox v. Phase III, Invs.*, No. H–12–3500, 2013 WL 3110218, at *9 (S.D. Tex. June 14, 2013). Because the Court concludes Diggs's complaint wholly fails to allege facts supporting a claim of racial discrimination or interference under the FHA, it need not decide this question.

8

2013 WL 6133274, at *9 (E.D. Mich. Nov. 21, 2013) ("[P]laintiff has offered nothing more than bare assertions that he was treated differently than other similarly situated Caucasians."). The Court concludes Diggs's complaint falls far short of pleading an FHA claim based on race discrimination. Accordingly, Diggs fails to state a claim under the FHA and her claims must be dismissed.

### C. State Law Claims

Diggs also brings two state law claims against Paragon. As state law claims brought in a federal-question case, the claims can only be heard by the Court through the exercise of supplemental jurisdiction. 28 U.S.C. § 1367. The exercise of federal supplemental jurisdiction is discretionary. District courts may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, the Court has dismissed all claims over which it has original jurisdiction, thus the third rationale of § 1367(c) applies. When all federal claims have been dismissed, the preferred disposition of state law claims is dismissal, or, where a case has come into federal court on removal, remand to state court. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). Because the Court dismisses Diggs's federal claims, dismissal is appropriate for her state law claims as well.

### IV. CONCLUSION

9

For the foregoing reasons, the Court will **GRANT** Paragon's motion to dismiss Diggs's FHA claims (Court File No. 11). The Court also declines to exercise supplemental jurisdiction over Diggs's state claims and will **DISMISS WITHOUT PREJUDICE** those remaining claims.

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**